UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | No. 4:14CV1650 RLW |
| A & W CONSTRUCTION COMPANY, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Default Judgment (ECF No. 31). The record shows that Defendant A & W Construction Company, Inc., was served with the summons and complaint on November 10, 2014, and has not filed an answer or other responsive pleading. On Plaintiffs' motion, the Clerk of the Court entered default against Defendant on April 17, 2015. Plaintiffs also filed a motion to compel an accounting, which this Court granted. Defendant did not comply with that Order, and Plaintiffs filed a motion for contempt. On February 9, 2016, the Court held a hearing, during which time Defendant submitted the requested accounting paperwork. On February 23, 2016, Plaintiffs withdrew the motion for contempt, notifying the Court that Defendant had complied with the Court's order compelling an accounting. The Court later granted Plaintiffs' motion for attorneys' fees related to the motion for contempt. On July 14, 2016, Plaintiffs filed the present Motion for Default Judgment.

Plaintiffs filed this action on September 23, 2014 to recover from defendant A & W Construction Company, Inc., ("A & W") delinquent employee benefit contributions owed under the collective bargaining agreement wherein Defendant A & W agreed to be bound to the collective bargaining agreement between Laborers Local 42-53-110 and the Associated General Contractors of

St. Louis. (Graves Aff. ¶ 2, ECF No. 31-4) Plaintiffs claim they are entitled to unpaid fringe benefit contributions, interest, liquidated damages, attorneys' fees, and costs pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1132. Plaintiffs allege they conducted a payroll examination for the period of July 1, 2012 through January 31, 2016, which reflected unpaid fringe benefit contributions on hours worked by its employees in the total amount of $7,700.65 owed to the Plaintiffs. (Massa Aff. ¶ 4, ECF No. 31-2) Further Plaintiffs claim that they have incurred accounting fees of $901.00 and attorneys' fees and costs in the amount of $3,660.61.[1] (Massa Aff. ¶ 5; Gilbert Aff ¶ 7, ECF No. 31-1)

## Legal Standard

"It is well established . . . that the entry of default by the Clerk does not entitle the non-defaulting party to a default judgment as a matter of right." *United States v. $345,510.00 in U.S. Currency,* No. Civ. 01-497(PAMJGL), 2002 WL 22040, at *2 (E.D. Minn. Jan. 2, 2002) (citations omitted). Default judgments are disfavored under the law. *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). Further, the entry of a default judgment is committed to the sound discretion of the district court. *Id.*

"[W]hen a default judgment is entered, facts alleged in the complaint may not be later contested." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). However, "'it remains for the [district] court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 at 63 (3d ed. 1998)). Further, "[a] party seeking damages under a default judgment must . . . prove its rights to such damages with affidavits or other supporting

---

[1] The attorneys' fees do not include the $2,537.50 awarded by this Court as attorneys' fees related to the motion for contempt. (ECF No. 30)

documentation." *Joe Hand Promotions, Inc. v. Kickers Corner of the Americas, Inc.*, No. 4:12CV02387 AGF, 2014 WL 805731, at *2 (E.D. Mo. Feb. 28, 2014) (citations omitted).

## Discussion

Taking the allegations in their Complaint as true, Plaintiffs have established that Defendant was bound by a valid collective bargaining agreement during the period of March 1, 2009 through March 1, 2014. (Graves Aff., ECF No. 31-4; Graves Exs. 1-3, ECF Nos. 31-5 to 31-7) Plaintiffs have also established that Defendant failed to comply with the terms of the agreement by failing to report and pay fringe benefit contributions on hours worked by its employees. Under ERISA and under the applicable collective bargaining agreement, Plaintiffs are entitled to unpaid contributions, liquidated damages, interest, attorneys' fees, and payroll examination costs. Based on the pleadings, the Court finds that Plaintiffs are entitled to default judgment.

Further, the Court has reviewed the evidence submitted by the Plaintiffs in support of their request for damages. Plaintiffs have submitted an affidavit and exhibit from John Massa, a payroll auditor with the firm RSM US, LLP. (Massa Aff., ECF No. 31-2; Massa Ex., ECF No. 31-3) Mr. Massa states that review of Defendant's records revealed a total of 377.00 unreported hours resulting in the underpayment of $5,582.20 in contributions, on which was assessed $1,116.44 in liquidated damages and $363.44 in interest. Mr. Massa further found $638.57 owing in supplemental dues, liquidated damages, and interest on those dues. In addition, Mr. Massa avers that he billed Plaintiffs $901.00 in accounting fees for the payroll examination. Mr. Massa has attached an exhibit reflecting these calculations.

Plaintiffs have also submitted an affidavit from their attorney, Nathan K. Gilbert, setting forth the attorneys' fees and costs incurred in this action. (Gilbert Aff., ECF No. 31-1) The affidavit

3

states that Plaintiffs have incurred $3,148.00 for legal services not related to the motion for contempt and an additional $512.61 in court and service costs. Based on the evidence presented, the Court finds that the services performed by Plaintiffs' attorneys were reasonable and necessary to the litigation of this case, that the rates charged were reasonable, and that the amount sought for attorneys' fees is reasonable. The Court therefore finds that Plaintiffs are entitled to a default judgment against Defendant A & W in the total amount of $12,262.26, consisting of audit amounts of $7,700.65 in contributions, supplemental dues, liquidated damages, and interest; $901.00 in accounting fees; and $3,660.61 in attorneys' fees and costs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment (ECF No. 31) is **GRANTED.** A separate judgment shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this order and accompanying judgment to the Defendant via U.S. Mail and UPS at the following address:

> A & W Construction Company, Inc.
> Attn: Carolyn Adeniji
> 129 Bear Claw Drive
> Wentzville, Missouri 63385

Dated this 18th day of August, 2016.

*/s/ Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**